[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10411

Non-Argument Calendar

_____

In re: SUSAN ELIZABETH GALVIN,

                                                             Debtor.

_____

SUSAN ELIZABETH GALVIN,

                                                  Plaintiff-Appellant,

*versus*

U.S. BANK NATIONAL ASSOCIATION,

                                                  Defendant-Appellee.

—————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:20-cv-05764-MCR-EMT

—————————————

Before JILL PRYOR, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Susan Galvin sought to file a seventh amended complaint in her seventh bankruptcy filing since 2015. The bankruptcy court disallowed amendment and dismissed her sixth amended complaint for lack of subject matter jurisdiction. Galvin appealed to the district court the bankruptcy court's denial of her motion for leave to file a seventh amended complaint and dismissal of her sixth amended complaint. The district court affirmed both decisions, and after careful review, we affirm.

I

Susan Galvin executed a note secured by a mortgage in favor of New Century Mortgage Corporation. The note and mortgage were assigned to U.S. Bank National Association, as Trustee for Morgan Stanley Dean Witter Capital I Inc., Mortgage Pass-Through Certificates, Series 2002-NC2, a trust of pooled mortgage loans. Galvin defaulted on the note and mortgage, so U.S. Bank initiated foreclosure proceedings in Florida state court. The state court entered final judgment against Galvin in 2015.

To delay enforcement of the state court's judgment of fore-closure, Galvin and her husband have filed seven bankruptcy cases since 2015.  In the current iteration of the bankruptcy filings, Galvin filed an "Adversarial Complaint" naming U.S. Bank as a defendant.  Following that complaint, Galvin proceeded to file six amended complaints—all without leave of the bankruptcy court.  Her 59-page sixth amended complaint sought to "avoid and eliminate" the state court's foreclosure judgment and asserted at least 32 causes of action against U.S. Bank, including violations of federal and state criminal statutes.  The bankruptcy court directed Galvin that she "shall not file any further amended complaint without first seeking leave of Court or obtaining written consent from Defendant."  U.S. Bank timely filed a motion to dismiss the sixth amended complaint.  More than a month later, Galvin filed a motion for leave to file a seventh amended complaint and did not attach a proposed amended complaint, asserting only that the new complaint would be "streamlined" and would not "raise[] any new legal theories."

The bankruptcy court denied Galvin's motion, reasoning that amendment would be futile because she "cannot state a plau-sible cause of action that would not be barred from determination by this Court under the Rooker-Feldman doctrine," which dictates that plaintiffs cannot use a federal court of first instance to review and reverse unfavorable state-court judgments.  See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283–84 (2005).  The bankruptcy court also granted U.S. Bank's motion to dismiss and dismissed Galvin's sixth amended complaint with prejudice,

concluding that (1) Galvin's complaint was a rambling and indecipherable shotgun pleading; (2) the court lacked jurisdiction over Galvin's claims relating to the state court's foreclosure judgment under the *Rooker-Feldman* doctrine; (3) the court lacked jurisdiction over Galvin's claims relating to the note and mortgage underlying the state court's judgment because those claims must have been brought in response to the foreclosure action; and (4) the court lacked jurisdiction over Galvin's other claims because they were unrelated to her Chapter 7 bankruptcy case.

The district court affirmed the bankruptcy court's denial of Galvin's motion for leave to amend her complaint because (1) it "was filed more than 21 days after U.S. Bank filed its motion to dismiss," (2) Galvin "had previously been permitted to amend her complaint," (3) "any amendment would still have been futile and dismissed under the *Rooker-Feldman* doctrine," and (4) Galvin "failed to submit the proposed amendment or . . . set forth [its] substance" in her motion. The district court also affirmed the bankruptcy court's dismissal of Galvin's complaint because she failed to address the dismissal on the basis that it was an impermissible shotgun pleading.

Before us, Galvin continues to contend that the bankruptcy court erred in denying her motion to file a seventh amended complaint and in dismissing her sixth amended complaint.[1]

---

[1] "When reviewing an order of the district court entered in its role as an appellate court reviewing the bankruptcy court's decision, this Court

## II

Galvin argues that the bankruptcy court applied the wrong legal standard in denying her motion to amend and challenges the applicability of the *Rooker-Feldman* doctrine.  Generally, Federal Rule of Civil Procedure 15 dictates that the court "should freely give leave [to amend a pleading] when justice so requires," Fed. R. Civ. P. 15(a)(2), but the court is not required to do so when the amendment would be futile, *see Foman v. Davis*, 371 U.S. 178, 182 (1962).  Galvin's motion to amend expressly stated that her amended complaint would not "raise[] any new legal theories." And the bankruptcy court correctly concluded that it lacked subject matter jurisdiction to address the legal theories Galvin posited in her sixth amended complaint due to the *Rooker-Feldman* doctrine.

---

independently examines the factual and legal determinations of the bankruptcy court, applying the same standards of review as the district court." *In re FFS Data, Inc.*, 776 F.3d 1299, 1303 (11th Cir. 2015).  We review the denial of a motion to amend for abuse of discretion, but we consider de novo whether a particular amendment to the complaint would be futile.  *Chang v. JPMorgan Chase Bank, N.A.*, 845 F.3d 1087, 1093–94 (11th Cir. 2017).  We review the decision to dismiss a complaint de novo.  *Boyd v. Warden, Holman Corr. Facility*, 856 F.3d 853, 863–64 (11th Cir. 2017).

We note that Galvin seems to raise the argument on appeal that "U.S. Bank as Trustee does not have a valid claim of title or possession and cannot enforce the Note and/or the Mortgage, as such the U.S. Bank as Trustee is not a creditor."  This argument was not presented to the bankruptcy court, so we need not address it now.  *See In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009).  Moreover, as we will explain, we lack jurisdiction under the *Rooker-Feldman* doctrine to address this issue.

6                         Opinion of the Court                    21-10411

In *Rooker v. Fidelity Trust Co.*, the Supreme Court held that a party that loses in state court cannot challenge that court's judgment in a federal district court because only the Supreme Court has appellate authority to reverse or modify a state-court judgment. 263 U.S. 413, 415–16 (1923). In *District of Columbia Court of Appeals v. Feldman*, the Supreme Court again held that a federal district court lacks authority to review a final judicial determination of a state court. 460 U.S. 462, 476 (1983). These cases—now known as the *Rooker-Feldman* doctrine—act as a limitation on the jurisdiction of inferior federal courts. *Target Media Partners v. Specialty Mktg. Corp.*, 881 F.3d 1279, 1284 (11th Cir. 2018). To be sure, the doctrine applies "only in a narrow set of cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *In re Hazan*, 10 F.4th 1244, 1250 (11th Cir. 2021) (quotation marks omitted).

Here, a Florida state court entered final judgment of foreclosure against Galvin before she commenced federal bankruptcy proceedings, in which she sought to "avoid and eliminate" the state court's foreclosure judgment. It is difficult to read this language as anything but an attack on the state-court judgment of the sort that *Rooker-Feldman* prohibits. To the extent that Galvin challenges the assignment of her mortgage to U.S. Bank and U.S. Bank's status as trustee of the pooled mortgage trust, she invites this Court to undo the foreclosure judgment that already determined the

existence of U.S. Bank's security interest by granting it a lien on Galvin's property.  If, as Galvin stated, her seventh amended complaint would have raised no new legal theories, the bankruptcy court did not abuse its discretion by disallowing amendment because the court would have similarly lacked jurisdiction over the new complaint.  We affirm the bankruptcy court's denial of leave to amend the complaint.[2]

## III

Because we conclude that the bankruptcy court lacked jurisdiction over Galvin's sixth amended complaint, we must also conclude that the court did not err in dismissing the complaint.  However, because this dismissal is based on lack of subject matter jurisdiction, it "is necessarily without prejudice." *DiMaio v. Democratic Nat'l Comm.*, 520 F.3d 1299, 1303 (11th Cir. 2008) (per curiam).  Therefore, we vacate the dismissal and remand with instructions to reenter it without prejudice.

**AFFIRMED** in part, **VACATED** in part, and **REMANDED**.

---

[2] Galvin does not challenge the bankruptcy court's conclusion that it lacked jurisdiction over some of her claims because they didn't arise under or relate to her Chapter 7 case.  Accordingly, we do not address that issue here.